# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
A & J MANUFACTURING, LLC,      *
                               *
     Plaintiff,                *
                               *
     vs.                       *        CV 209-049
                               *
THE KINGSFORD PRODUCTS         *
COMPANY, LLC and MASTERBUILT   *
MANUFACTURING, INC.,           *
                               *
     Defendants.               *
```

## ORDER

Presently before the Court is Defendant Masterbuilt Manufacturing, Inc.'s ("Masterbuilt") Motion to Preclude A & J Manufacturing, LLC ("A & J") from Introducing Expert Testimony. (Dkt. No. 53.) Masterbuilt argues that the testimony of Dr. Jacob Jacoby should be excluded pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure because A & J filed the March 30, 2010 disclosure designating Dr. Jacoby as an expert rebuttal witness (Dkt. No. 51) more than two months after the January 27, 2010 deadline for expert disclosures imposed by the Court's

Amended Scheduling Order (Dkt. No. 35). Rule 37(c)(1) provides, in relevant part, that:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 26(a), in turn, requires a party to disclose to its adversary the identity of any witness that may testify at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). The Rule also provides that:

> [a] party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made . . . (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(C).

This Court's Amended Scheduling Order established deadlines for the disclosure of both Parties' expert witnesses. (See Dkt. No. 35.) As Masterbuilt concedes, however, neither the Amended Scheduling Order nor the Court's original Scheduling Order (Dkt. No. 24) addressed the timing of the disclosure of expert *rebuttal* witnesses.

2

(Mot. 3.) A rebuttal witness is one who provides evidence "intended solely to contradict or rebut evidence" presented by the opposing party's expert. Fed. R. Civ. P. 26(a)(2)(C). Because Dr. Jacoby's report is limited exclusively to his description of perceived flaws in the trade distinctiveness survey presented by Masterbuilt's expert (see Dkt. No. 63 Ex. A), Dr. Jacoby is properly characterized as a rebuttal witness. Cf. Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc., No. 6:03-CV-1860, 2005 WL 2465020, at *5 (M.D. Fla. Oct. 6, 2005) (holding that to the extent an expert report noted purported flaws in the analysis of the adverse party's expert, the report was "accurately described as rebuttal evidence"). And "[b]ecause the Court has not ordered any deadlines for the disclosure of rebuttal witnesses, the general provision of Rule 26(a)(2)(C) applies." McMahon v. Presidential Airways, Inc., No. 6:05-cv-1002, 2009 WL 2151316, at *1 (M.D. Fla. July 14, 2009); see also Smith v. Jacobs Eng'g Group, Inc., No. 4:06-cv-496, 2008 WL 5351047, at *1 (N.D. Fla. Dec. 15, 2008) ("The scheduling order did not address the timing of the disclosure of rebuttal expert witnesses. . . . The timing of service of Plaintiff's

3

rebuttal expert, therefore, is governed by Rule
26(a)(2)(C). . . .").

Where, as here, no court order speaks to the timing of the disclosure of rebuttal witnesses, Rule 26(a)(2)(C) requires a party to disclose the identity of such witnesses within thirty days after the opposing party discloses its experts. Fed. R. Civ. P. 26(a)(2)(C); accord Moore v. King County Fire Protection Dist. No. 26, No. C05-442, 2006 WL 2061196, at *13 (W.D. Wash. 2006) ("[W]hen the scheduling order does not set a date for the rebuttal expert deadline, the parties may resort to Fed. R. Civ. P. 26(a)(2)(C)."); Dunn v. Zimmer, Inc., No. 3:00CV1306, 2005 WL 563095, at *1 n.1 ("The court's scheduling order did not establish a time for the disclosure of rebuttal experts and therefore Rule 26(a)(2)(C) applies as a default."). Masterbuilt served its expert disclosures and associated expert report on February 26, 2010. (Dkt. No. 40.) Masterbuilt served its expert witness disclosures and associated expert reports on February 26, 2010. (Dkt. No. 40.) A & J served its rebuttal witness disclosure on March 29, 2010, and thus within the prescribed thirty-day period as computed

4

pursuant to Fed. R. Civ. P. 6(a).[1]  (Dkt. No. 51.) Accordingly, A & J timely disclosed its expert rebuttal witness, and Masterbuilt's Motion to preclude that witness's testimony is **DENIED**.  (Dkt. No. 53.)

**SO ORDERED**, this ___13th___ day of May, 2010.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The thirtieth day after February 26, 2010, was Sunday, March 28, 2010.  Rule 6(a) states that for the purposes of computing any time period specified in the Federal Rules, the last day of any period should be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

5